UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF TEXAS

..............................................................................

| | |
|---|---|
| Scoots Smashburgers Inc., | ECF CASE _____ |
| Plaintiff, | |
| v. | **PLAINTIFF** |
| | **DEMANDS** |
| Jay Young, individually, and | **TRIAL BY JURY** |
| Jay Young Inc. | |
| Defendants. | |

..............................................................................

**PLAINTIFF'S ORIGINAL COMPLAINT**

As its Complaint, Plaintiff, Scoots Smashburgers Inc., by and through its undersigned attorneys, alleges and avers as follows:

**The Parties and Summary of Case**

1. Plaintiff, Scoots Smashburgers Inc. (hereinafter "Plaintiff" or "Scoots") is and, at all times material hereto, has been a corporation in good standing and organized under the laws of the state of Texas

residing at 304 W 11ᵗʰ St., Quanah, Texas, 79252.

2. On information and belief, Defendant Jay Young Inc. is a corporation operating and/or doing business at 600 W McLain St., Seymour, Texas, 76380, and also doing business in this judicial district at 1117 Hillcrest Dr., Vernon, Texas, 76384, and is subject to the court's jurisdiction.

3. Upon information and belief, Defendant Jay Young is an individual and Texas resident who resides and may be served at 600 W McLain St., Seymour, TX, 76380.

4. Defendant, on information and belief, is intentionally using a trademark and trade dress in this jurisdiction and elsewhere which infringes upon and dilutes Plaintiff's pending federally registrations of trademarks, common law trademarks, and devices and designs associated with Plaintiff of *SCOOTS, SCOOTS SMASHBURGERS,* and related devices including trade dress features such as a distinctive interior and exterior restaurant design, menu design, and other source and origin-identifying devices which the relevant consuming public has come to associate with Plaintiff (hereinafter "the Plaintiff's Marks") used on or in connection, *inter alia*, with the provision of food and restaurant services, take-out restaurant services, and related such services.

5. Jay Young Inc., upon information and belief, is unfairly competing with Plaintiff by engaging in false advertising by affirmatively and falsely representing to the relevant public that they are selling genuine or authorized products of Plaintiff when in fact they are not and by falsely representing that its \ products are of the same quality and origin as Plaintiff's and related products when they are not. Defendant is causing irreparable injury to the business reputation of Plaintiff.

6. Plaintiff asserts claims of trademark and trade dress infringement in violation of Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C.A. § 1114(1); common law trademark infringement, false designation of origin; false representation and unfair competition in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B); and for violation of Texas state statutory and common laws, including Texas common law state unfair competition, infringement, deceptive practices and false advertising statutes. Plaintiff seeks injunctive relief and damages.

## Jurisdiction and Venue

7. The court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C.A. § 1121 and Sections 1331, 1332(a)(1), 1338(a), 1338(b) and 2201 of the Judicial Code, 28 U.S.C.A. § 1331, 1338(a) and (b) and 2201, and under principles of pendent jurisdiction. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391 (b) because, on information and belief, defendants are doing business in Texas and have substantial contacts in Texas and a substantial part of the events giving rise to the claims occurred in the Northern District of Texas, Wichita Falls Division.

## Plaintiff's Rights

8. Plaintiff is a locally and regionally known provider of fast food restaurant service. Plaintiff continues to use, promote, and advertise the SCOOTS SMASHBURGERS, SCOOTS, recognizable trade dress elements, and other recognizable or its goods and services and has achieved a huge level of commercial success and recognition among relevant distributors and consumers as a result of goods and services sold in connection with these marks.

9. Plaintiff is the owner of pending US federal trademark for *SCOOTS* (U.S. Serial No 97457624).

10. Plaintiff conducts business using the Plaintiff's Marks in interstate commerce, including in this judicial district. Plaintiff promotes the goods it sells in connection with the Plaintiff's Marks in interstate commerce, including in this judicial district. There is a substantial demand for the goods and services associated with the Plaintiff's Marks and the goodwill and right to provide goods under the Plaintiff's Marks are valuable commercial property rights.

11. The Plaintiff's Marks have significance in the minds of distributors, in the trade and relevant consumers as denoting services coming from, affiliated with, or sponsored by Plaintiff.

12. The Plaintiff's Marks are distinctive and have been used in connection with the sale of food and restaurant and fast-food services by Plaintiff since at least 2021.

13. The Plaintiff's Marks and the goodwill associated therewith are of inestimable value to Plaintiff.

**Defendants' Infringing Acts**

Intentional Infringement, Deception, and Confusion

14. Long after Plaintiff had begun publicly conducting business and adopted use of its marks and trade dress devices and other identifying commercial and design features appreciated by the consuming public, without Plaintiff's consent and over multiple, specific prior objections, on information and belief, Defendants' intentionally adopted, and began prominent use of a virtually identical mark and other devices intentionally-designed to mislead and confuse the public into th*e* on and in connection with the provision of restaurant services and other similar such services.

15. Defendants advertise, promote and sell and/or distribute their products to the trade under the *these confusingly similar* marks and devices. They have opened a restaurant of intentionally similar exterior design, serving a virtually-identical menu of goods, utilizing the same meat and other ingredients from the same distributors as Plaintiff after soliciting such information from the distributors and taking other steps to intentionally

<u>Substantial, Actual Confusion Resulting from Defendant's Acts Intended to Confuse</u>

16. Relevant consumers are highly likely to be confused as to the source, sponsorship, or affiliation of Defendants' products due to the similarity between Plaintiff's pending federal trademark registrations, common law trademarks, and Defendants' adopted mark.

17. Indeed, Plaintiff is aware of and has documented several dozen instances of *actual* confusion between Plaintiff and Defendant's businesses among the relevant consuming public. Consumers in person, on the phone, and in writing have assumed that Defendant's business is affiliated or associated with Plaintiff's due to Defendant's intentional efforts to produce such confusion.

18. On information and belief, the activities of Defendants complained of herein were and are done willfully in order to trade upon the goodwill of Plaintiff's and/or with reckless disregard of Plaintiff's trademark rights and with actual and constructive knowledge that such conduct was and is in direct contravention of the rights of Plaintiff and was and is likely to confuse, mislead, and deceive an appreciable amount of relevant consumers as to the source, affiliation, and sponsorship of the services emanating from Plaintiff resulting in direct injury to Plaintiff's reputation and goodwill.

19. Plaintiff has no adequate remedy at law. Defendants' conduct has caused and, if allowed to

continue, will cause irreparable damage to Plaintiff's business, reputation, and goodwill. Plaintiff's damages are not yet determined.

### Defendant *Smash Daddy's* Intentional Mimicry, Imitation, and Attempted Profiteering off of *Scoots Smashburgers*

20. Defendants Young and Young Inc. have engaged in an intentional scheme to confuse consumers as to some association, affiliation, or relationship between Plaintiffs and Defendants in order to profit through Defendant entity, harm Plaintiff, and otherwise reap and inure unjust benefits resulting from such unlawful acts.

21. Over the last year, Defendant Young individually has, on numerous occasions both prior to and after the opening of its restaurant, explicitly and directly indicated to Plaintiff and others that Defendants have affirmatively sought to and intended to manufacture or create conditions for such confusion to occur and intended to and have in fact profited from such intentional scheme of confusion.

22. Plaintiff is aware of several dozen instances of actual confusion resulting from the actions of the Defendant including the provision of its services in commerce, the advertisement of such services in person and online, and a number of concerted actions and schemes intended to confuse consumers and conflate the identities of Defendant's and Plaintiff's respective businesses.

23. As Defendants were in the preliminary phase of creating its business, Defendant Jay Young frequently visited Plaintiff's place of business and spoke with Plaintiff about its business operations. During one or more of Defendant Young's visits to Plaintiff's place of business, Defendant attempted to buy Plaintiff's business, insisting that he be given a 'good deal' or threatening to open another business copying their method of manufacture, intentionally confusing

consumers into mistaken beliefs of association in order to provide business and profits to his endeavor, and promising to divest all assets and declare bankruptcy to avoid any liability or responsibility for his wrongful actions should Plaintiff take any legal action. Plaintiff naturally refused this 'offer'.

24. Defendant then proceeded to advertise for, create, and open its Smash Daddy's restaurant, copying not only the look, style, exterior, interior, and other items of trade dress but also copying the menu offerings of Plaintiffs as well as the distributors and sources of Plaintiff's ingredients.

25. Effectively, Defendant sought not to compete with Plaintiff but to confuse the public for profit. Such efforts included but were by no means limited to Defendants: utilizing improper and anticompetitive methods to identify the source material of Plaintiff's ingredients and restaurant provisions deliveries, ordering and requesting identical goods from the same distributors in order to complete its intentional deception to confuse consumers and to masquerade its provision of services as that of the Plaintiffs and thereby trade on and profit from Plaintiff's goodwill.

26. Defendant Jay Young subsequently met with Plaintiff and another neutral third-party witness and "[apologized]" for his earlier threats but promised that he would continue to intentionally mimic and imitate Plaintiff's business in order to harm Plaintiff in commerce and in order for Defendants to trade and profit on Plaintiff's goodwill.

27. Following this meeting and the repeated and sustained wrongful acts described above, Defendant since sought to capitalize on his intentional campaign by offering Defendant entity and business for sale to the Plaintiff, promising to open more locations and continue his scheme of intentional confusion and deception unless Plaintiff agreed to purchase Defendant's business. Naturally, Defendant expressed that his monthly profits were substantial (likely a material misrepresentation)

in an effort to capitalize on the stolen commercial goodwill and consumer attention derived from the Defendants' wrongful prior acts.

## COUNT I
### (Federal Trademark Infringement)
### (15 U.S.C.A. 1114)

28. Plaintiff incorporates and realleges all of the allegations contained in the preceding and following paragraphs of the Complaint as though the same were fully written herein.

29. Plaintiff's Marks are distinctive, have been used throughout the United States and elsewhere, and are well known to distributors in the trade and relevant consumers. The trade and relevant consumers associate and identify the Plaintiff's Marks with Plaintiff.

30. Defendants' distribution, sale, and offering for sale of goods and services in connection with the Plaintiff's Marks constitutes false designation of origin or sponsorship of such goods and services and tends falsely to represent that Defendants' goods and services originate from Plaintiff or that said goods and services have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff or that Plaintiff's services originate from Defendants or are sponsored, approved, authorized, or licensed by Defendants. Defendants' conduct is likely to confuse, mislead, and deceive a not insubstantial number of distributors in the trade, relevant consumers and other purchasers, and members of the public as to the origin of the goods and services or to cause said persons to believe that the goods have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated with Plaintiff, or that Plaintiff's goods originate from Defendants or are sponsored or licensed by Defendants all in violation of 15 U.S.C.A. § 1114.

## COUNT II
### (Federal Unfair Competition for False Designation and Unfair Competition Under 15 U.S.C.A. § 1125(a))

31. Plaintiff incorporates, repeats, and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

32. The Plaintiff's Marks are distinctive, have been used throughout the United States and elsewhere, and are well known to distributors in the trade and relevant consumers. The trade and relevant consumers associate and identify the Plaintiff's Marks.

33. Defendants' distribution, sale, and offering for sale, of identical and related goods in connection with a mark virtually identical to the Plaintiff's Marks constitutes false designation of origin or sponsorship of such goods and services and tends falsely to represent that Defendants' goods and services originate from Plaintiff or that said goods have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff or that Plaintiff's goods and/or services originate from Defendants or are sponsored, approved, authorized or licensed by Defendants. Defendants' conduct is likely to confuse, mislead, and deceive a not insubstantial number of distributors in the trade, relevant consumers and other purchasers, and members of the public as to the origin of the goods and services or to cause said persons to believe that the goods and services have been sponsored, approved, authorized or licensed by or are in some way affiliated with Plaintiff all in violation of 15 U.S.C.A. § 1125(a).

## COUNT III
### (Infringement Under Section 43(A)(1)(B) Of The Lanham Act)

34. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of the

Complaint as if fully as though the same were fully written herein.

35. On information and belief, in the course of advertising, promotion, and sale of Defendants' products under a mark virtually identical to the Plaintiff's Marks, Defendants are representing to the public that such products are Plaintiff's products or the same quality as Plaintiff's products. Such representations misrepresent the nature, characteristics, qualities, and geographic origin of Defendants' products and Plaintiff's products and constitute false advertising and false statements under Section 43 (a)(1)(B) of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B).

36. On information and belief, Defendants' aforesaid acts are willful and deliberate and done with an intent to misrepresent the nature, characteristics, qualities, and/or geographic origin of Defendants' products and to reap the benefit of Plaintiff's goodwill.

37. The aforementioned conduct is causing Plaintiff immediate and irreparable injury and will continue to both damage Plaintiff and deceive the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## COUNT IV
**(Texas Deceptive Trade Practices-Consumer Protection Act)**
**(Texas Business and Commerce Code Chapter 17)**

38. Plaintiff repeats and realleges all of the allegations contained in the preceding and following paragraphs of the Complaint as though the same were fully written herein.

39. Defendants' have by the referenced conduct engages in false, misleading, or deceptive acts or practices under the meaning of the Act, specifically, Defendants have (a) passed off their goods or services as those of Plaintiffs, (b) caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of their goods or services, and (c) caused confusion or

misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff.

40. Defendant's actions and his own statements demonstrate actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the consumer's claim coupled with the specific intent that consumers act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

## COUNTS V and VI
### (Federal and Common Law Copyright Infringement)

41. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

42. Defendants prominently reproduced works protected by Texas and federal common law rights including copyrights which inhere at the moment of creation or fixation in the respective works including the cartoon burger design on the exterior of Plaintiff's physical location as well as the architectural design and combination of distinctive, non-functional design elements of Plaintiff's physical location.

43. Defendants' reproduction of strikingly similar design elements and combinations thereof is a violation of the federal Copyright Act (17 U.S.C. §501) and common law copyrights which inhere to Plaintiff at the moment of fixation. As such, Defendants' acts infringe on Plaintiff's copyright rights which inhere in the various Works described as copied and protected by such law as in the detailed and specific above allegations.

## **PRAYER FOR RELIEF**

In view of the above allegation, Plaintiff prays:

- That a preliminary and permanent injunction issue restraining both Defendants, their agents, servants, employees, successors, and assigns and all others in concert and privity with them from utilizing the marks and trade dress elements in question or any derivative or shorthand notation thereof, or any term similar thereto, in connection with the provision of restaurant and food services, which would give rise to a likelihood of confusion as to the source of such; from soliciting any business under said trademarks or while utilizing such devices; from passing itself off as being associated with the Plaintiff; from registering in its own name any of these or similar trademarks; and from committing any other unfair business practices directed towards obtaining for itself the business and customers of the Plaintiff;

- That Defendants be enjoined from use in connection with the provision of restaurant and foods services of any labels, physical design elements, and/or trade dress which would associate the products sold by Defendants as those emanating from the Plaintiff,

- That Defendants be ordered to surrender for destruction all products, nameplates, menus, labels, advertisements, and other materials constituting a false designation of origin of Defendants' products, and that any registration obtained in the State of Texas by Defendants of any of said aforementioned trademarks be cancelled and declared null and void;

- That Defendants be required to pay the Plaintiff the Defendants' profits and the actual

damages suffered by Plaintiff as a result of Defendants' acts, that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's rights;

- That Defendant be prohibited and enjoined from applying said names or marks, or any such reproduction, counterfeit, copy, or colorable imitation to any document or thing including to any business card, label, sign, Web site or advertisement used in connection with Defendants' goods and services;

- That Defendant be prohibited and enjoined from using any mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants', customers, or members of the public, that goods and services offered by Defendants' originate from Plaintiff, or that said goods or services have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff;

- That Defendant be prohibited and enjoined from engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, members or customers, or other members of the public to believe that the actions of Defendants' is connected with Plaintiff, is sponsored, approved, or licensed by Plaintiff, or is in some way connected or affiliated with Plaintiff;

- That Defendant be prohibited and enjoined from affixing, applying, annexing or using in connection with Defendants' goods and services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods and

services as being those offered or sold by Plaintiff;

- That Defendant be prohibited and enjoined from diluting and infringing the aforementioned trademarks and damaging Plaintiff's goodwill, reputation, and business or otherwise competing unfairly with Plaintiff in any manner; and

- That Defendant be required to deliver for destruction to Plaintiff's counsel all structures, buildings, copies and reproductions in its possession or under its control of any goods and promotional and advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Plaintiff Marks.

- That Plaintiff recover from Defendants punitive damages;

- That Defendants be compelled to pay Plaintiff's attorney's fees, together with all costs of this suit; and

- That Plaintiff have all other and further relief as the court may deem just and proper under the circumstances.

Dated: March 13, 2023                                 Respectfully submitted,

                                                        /S/ John Cook
                                                       John Cook
                                                       Texas Bar No: 24103739
                                                       *Moster Craft, P.C.*
                                                       *4920 S Loop 289 #101*
                                                       *Lubbock, TX 79414*
                                                       Attorney for Plaintiff