## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **SCOOTS SMASHBURGERS INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 7:23-cv-00026-O** |
| **JAY YOUNG, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER AND OPINION

Before the Court are Defendants Jay Yong and Jay Yong Inc.'s Motion to Dismiss (ECF No. 10), filed May 8, 2023; Plaintiff Scoots Smashburgers Inc.'s Response (ECF No. 12), filed May 23, 2023; and Defendants' Reply (ECF No. 16), filed June 6, 2023. The Motion is hereby **GRANTED**.

### I.    Legal Standard

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (cleaned up). A court may not accept legal conclusions as true. *Id.* at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## II.    Analysis

### a.   Count I – Federal Trademark Infringement

Defendants first move to dismiss Count I of the Plaintiff's Complaint – Federal Trademark Infringement – as Plaintiff currently has no registered trademarks.[1] Plaintiff does not dispute this, but rather, states that this cause of action should be dismissed without prejudice as Plaintiff has trademarks pending before the USPTO.[2] Therefore, Count I of the Complaint is hereby **DISMISSED without prejudice** to refiling.

### b.   Count IV – Texas Deceptive Trade Practices-Consumer Protection Act

Defendants next move to dismiss Count IV of Plaintiff's Complaint, contending that Plaintiff has no standing to assert a DTPA claim because Plaintiff is not a "consumer" under the statute.[3] Plaintiff, in its Response, admits that it lacks standing under the DTPA.[4] Count IV of Plaintiff's Complaint is hereby **DISMISSED with prejudice**.

---

[1] Defs. Mot. 2, ECF No. 10.
[2] Pl. Resp. 1, ECF No. 12.
[3] Defs. Mot. 3–4, ECF No. 10.
[4] Pl. Resp. 2, ECF No. 12.

### c.   Count V – Federal Copyright Infringement

Defendants next contend Count V of Plaintiff's Complaint should be dismissed as Plaintiff fails to plead registration of its alleged copyright prior to filing suit in federal court.[5] They highlight that federal copyright registration is an absolute prerequisite to asserting a copyright claim in federal court.[6] Plaintiff contends that they have applications pending with the US Copyright Office, and therefore, Count V should either be justly maintained or dismissed without prejudice so as to permit their addition later by amendment.[7]

The Supreme Court has held that federal copyright registration is an absolute prerequisite to asserting a copyright infringement claim in federal court. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019). Courts within the Fifth Circuit have found that allowing a plaintiff to bring a copyright infringement claim before copyright registrations have been awarded and to amend the pleadings once such registration is obtained, does not align with the holding of the Supreme Court in *Fourth Estate*. *See Brown v. New Era Cap Co., Inc.*, No. 5:20-cv-139-DAE, 2020 WL 6153010, at \*3 (W.D. Tex. Mar. 25, 2020); *Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-cv-1084-ESC, 2019 WL 2343019, at \*4–6 (W.D. Tex. June 3, 2019).

Therefore, the Court hereby **DISMISSES** Count V of Plaintiff's Complaint **without prejudice**. "Without prejudice" means without prejudice to refiling. The Court agrees with the existing caselaw, and therefore, Plaintiff will not be granted leave to amend to reassert its copyright infringement claim within the bounds of this lawsuit. To allow for such amendment "would make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior

---

[5] Defs. Mot. 4–5, ECF No. 10.
[6] *Id.* at 4 (citing 17 U.S.C. § 411(a)).
[7] Pl. Resp. 2, ECF No. 12.

to filing suit." *Brown*, 2020 WL 6153010, at *3 (quoting *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019)).

### d.  Count VI – Common Law Copyright Infringement

Defendants lastly contend that Plaintiff's remaining state common law copyright claims in Count VI should be dismissed as preempted by federal copyright law.[8] Defendants highlight that the common law copyright allegations involve pictorial and graphic works (i.e., a cartoon hamburger) and architectural works (i.e., the architectural design and design elements of the shipping container restaurant), which expressly fall within the scope of federal copyright law.[9] Plaintiff admits that the common law copyright infringement claims are not properly brought before this Court.[10] Therefore Count VI of Plaintiff's Complaint is hereby **DISMISSED with prejudice**.

### III.    Conclusion

Accordingly, Count I of Plaintiff's Complaint is **DISMISSED without prejudice**; Count IV is **DISMISSED with prejudice**; Count V is **DISMISSED without prejudice**; and Count VI is **DISMISSED with prejudice**. The sole remaining counts in this case are Count II and Count III.

**SO ORDERED** on this **21st day** of **June, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[8] Defs. Mot. 5–6, ECF No. 10.
[9] *Id.* at 6.
[10] Pl. Resp. 3, ECF No. 12.