IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SCOOTS SMASHBURGERS INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 7:23-cv-00026-O |
| JAY YOUNG, et al., | § § § | |
| Defendants. | § § | |

## ORDER OF DISMISSAL AND FINAL JUDGMENT

Before the Court are Defendants' Notice of Plaintiff's Violation of Court Order (ECF No. 32); filed October 25, 2023, and Defendants' Motion to Dismiss (ECF No. 33), filed December 8, 2023.

Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action for failure to prosecute. FED. R. CIV. P. 41(b). This authority flows from the Court's inherent power to manage its docket. *See, e.g.*, *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court may dismiss a case under Rule 41(b) with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). Here, Plaintiff was ordered to mediate on or before October 18, 2023, as set out in the scheduling order, and responded to Defendants' motion to dismiss by December 15, 2023. Plaintiff has failed to comply with both orders. These facts indicate Plaintiff has abandoned this litigation.

Accordingly, the Court hereby **ORDERS** that the action be **DISMISSED without prejudice** for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Therefore, this action having come on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      This case is **DISMISSED without prejudice** for lack of prosecution and for failure to comply with court orders.

2.      The taxable costs of court, as calculated by the clerk of court, shall be borne by the party incurring the same.

**SO ORDERED** this **19th day** of **December, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE