IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **SCOOTS SMASHBURGERS INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00026-O |
| | § | |
| **JAY YOUNG,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion for Attorney's Fees (ECF No. 44) and appendix in support (ECF No. 45) filed by Defendants on February 6, 2024. The next day, United States District Judge Reed O'Connor referred the Motion and related responses, replies, briefs, appendices, etc. to the undersigned. ECF No. 46. To date, Plaintiff has not responded to the Motion. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 44) **in part** and **DENY** it **in part** and **AWARD** Defendants attorney's fees in the amount of **in the amount of $12,495.00**.

I.   **BACKGROUND**

On March 13, 2023, Plaintiff Scoots Smashburgers Inc. ("SS") sued Defendants, alleging that they violated several federal and state intellectual property laws. ECF No. 1. Specifically, it alleged that Defendants opened a restaurant called "Smash Daddy's" that copied the look, style, exterior, interior, and even the menu items of SS. *Id.* SS did not file an amended complaint.

On June 21, 2023, Judge O'Connor dismissed all but two of SS's claims for failure to state a claim. ECF No. 18. On December 19, Judge O'Connor dismissed the remaining claims for lack of prosecution and failure to comply with court orders. ECF Nos. 39, 41. On January 24, 2024,

Judge O'Connor granted Defendants' motion for summary judgment on their counterclaims and entered declaratory judgment that "(I) the Defendants have not infringed and do not infringe any legitimate trademark/trade dress that the Plaintiff alleges to own under any theory of infringement and (II) "the trademark/trade dress rights asserted by the Plaintiff in this action are invalid." ECF No. 43 at 1.

The record reflects that SS has not filed anything in this case since July 13, 2023. *See* ECF No. 28. Indeed, SS did not respond to Defendants' interrogatories, requests for production, or requests for admissions. *Id.* Therefore, Defendants' requests for admission are "conclusively established" as a matter of law. Fed. R. Civ. P. 36(a)(3), (b). The relevant admissions are as follows. ("You" means SS. *See* ECF No. 45 at 28.)

> **REQUEST NO. 13:** Admit that Defendants are the prevailing parties with respect to Plaintiffs now-dismissed copyright infringement claims.
>
> **REQUEST NO. 14:** Admit that the copyright claims asserted by the Plaintiff were objectively unreasonable and frivolous.
>
> **REQUEST NO. 15:** Admit that You acted in bad faith in bringing and maintaining the copyright infringement claims asserted against the Defendants in Plaintiffs Original Complaint (ECF No. 1).
>
> **REQUEST NO. 16:** Admit that the attorney's fees requested in Defendant's Motion for Attorney's Fees are reasonable and should be awarded.

ECF No. 45 at 29-31. Defendants now seek attorney's fees totaling $46,550.00 for SS's claims arising under the Copyright Act (17 U.S.C. § 505) and the Lanham Act (15 U.S.C. § 1117(a)). ECF No. 44 at 9. These include SS's claims for Federal Trademark Infringement under 15 U.S.C. § 114 ("Count I"); Federal Unfair Competition for False Designation and Unfair Competition Under 15 U.S.C. § 1125(a) ("Count II") Infringement Under Section 43(A)(1)(B) of the Lanham Act ("Count III") (collectively the "Lanham Act Claims"); Federal Copyright Infringement under

17 U.S.C. § 501 ("Count V"); and Common Law Copyright Infringement ("Count VI") (collectively the "Copyright Claims"). ECF No. 1 at 8-11.

## II. LEGAL STANDARDS

### A. The Copyright Act

"In any civil action" under 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party[.]" Courts may also "award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* Section 505 "gives 'broad leeway' to courts, and does so without specifying any 'guideposts' to use." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 385 (5th Cir. 2020) (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203-04 (2016)). But the Supreme Court has "imposed two restrictions on courts' broad discretion." *Id.* Courts must (1) "not simply award fees to the prevailing party as a matter of course" and (2) "treat prevailing plaintiffs and prevailing defendants alike, rather than holding defendants to a more stringent standard." *Id.* (citing *Fogerty v. Fantasy*, Inc., 510 U.S. 517, 534-35 (1994)).

### B. The Lanham Act

In "exceptional" cases, the Court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an 'unreasonable manner.'" *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553-554 (2014)). District courts are to address this issue "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* (quoting *Octane Fitness*, 572 U.S. at 554).

### C.     Prevailing Party

Generally, the prevailing party is "one who has been awarded some relief by the Court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (internal quotation marks and citation omitted). Such change "must be marked by 'judicial *imprimatur*.'" *Id.* (internal quotation marks and citation omitted). A "defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *Id.* at 431. But a "dismissal without prejudice means no one has prevailed; the litigation is just postponed with the possibility of the winner being decided at a later time in a new arena." *Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC.*, 908 F.3d 948, 951 (5th Cir. 2018) (collecting cases). This is because "a dismissal that allows for refiling does not result in a 'material alteration of the legal relationship of the parties.'" *Id.* (citing *Buckhannon*, 532 U.S. at 604). Thus, a defendant is not a prevailing party when the plaintiff's claims are dismissed without prejudice. *Id.*

### D.     The Lodestar Method

The Court applies the lodestar method to calculate attorney's fees. The Court first determines "the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers," and then it multiplies the hours by the rates to get the lodestar amount. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "There is a strong presumption of the reasonableness of the lodestar amount." *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) (internal quotation marks and citation omitted). But the Court may adjust the lodestar amount according to twelve factors. *See Johnson*

*v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

IV.   **ANALYSIS**

  A.   **Defendants are not the prevailing parties in the claims that the Court dismissed without prejudice.**

Defendants seek $30,012.50 in attorney's fees under SS's Lanham Act Claims and $16,537.50 in attorney's fees under the Copyright Act. ECF No. 44 at 15-16, 19. Defendants assert that they are the prevailing parties under the Copyright Act "because the Plaintiff's [C]opyright [C]laims were dismissed without leave to reassert in this case (Count V) and with prejudice (Count VI)." ECF No. 44 at 10. But although the Court dismissed Count V without leave to amend, SS remains free to refile it in another case because the Court dismissed it without prejudice. ECF No. 18 at 3. Regarding the Lanham Act Claims, Defendants assume that they are the prevailing parties. *See* ECF Nos. 44 at 16-18; 1. But the Court dismissed them without prejudice. ECF Nos. 18 (dismissing Counts I and V without prejudice), 39 & 43 (dismissing Counts II and III without prejudice). Thus, of the claims at issue here, the Court only dismissed Count VI with prejudice. *See* ECF No. 18 at 4. Therefore, Defendants are not prevailing parties with regards to Counts I, II, III, or V.

The dismissal orders left the parties' relationship unchanged as to these claims, as SS may simply refile them. *CRST*, 578 U.S. at 422; *see also* ECF Nos. 18 at 2, 3-4; 39 & 43. Defendants argue that a "defendant is a prevailing party whenever the plaintiff's challenge is rebuffed for whatever reason." ECF No. 44 at 10 (citing *CRST*, 578 U.S. at 431). But this is not the standard. "A dismissal without prejudice . . . just postpone[s]" the litigation "with the possibility of the winner being decided *at a later time in a new arena.*" *Dunster Live*, 908 F.3d at 951 (emphasis added) (collecting cases). "A dismissal without prejudice thus does not make any party a prevailing

5

one." *Id.* SS's admission that Defendants are the prevailing parties has no impact on its ability to refile and therefore has no bearing on this analysis. *See* Fed. R. Civ. P. 36(b) ("An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.").

Defendants, therefore, are not entitled to the $30,012.50 in fees that they claim related to the Lanham Act Claims. Defendants also seek attorney's fees for 33.75 hours of work related to the Copyright Claims. ECF No. 45 at 33-38. The Court finds that 8.25 of those hours relate to Count V only, and Defendants are not entitled to reimbursement for those fees in the amount of $4,042.50 (Defendants' discounted rate of $490 per hour multiplied by 8.25 hours). Accordingly, Judge O'Connor should **DENY** Defendants' Motion for attorney's fees associated with Counts I, II, III, and V, totaling $34,550.00.

Defendants are, however, prevailing parties for purposes of Count VI, because the Court dismissed this claim with prejudice. *See* ECF No. 18 at 4. SS may not refile his Count VI. *Id.* Thus, the legal relationship of the parties has been materially altered, and Defendants are the prevailing parties. *See CRST*, 578 U.S. at 422.

    **B.**    **The Court should award $12,495.00 to Defendants under the Copyright Act.**

        1.    <u>The Court should award Defendants' attorney's fees for Count VI.</u>

When deciding whether in their broad discretion to award attorney's fees under the Copyright Act, Courts consider several "nonexclusive" factors, "including 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Drilling Data Sys.*, 965 F.3d at 385 (quoting *Fogerty*, 510 U.S. at 534 n.19). Courts are to give "substantial" (although not controlling) weight to the objective reasonableness factor.

6

*Id.* at 386 (quoting *Kirtsaeng*, 579 U.S. at 200). Even though courts are not to award attorney's fees as a matter of course, "an award of attorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely." *Id.* (collecting cases).

"A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). SS sued Defendants for common law copyright infringement. ECF No. 1 at 11. In response to Defendants' Motion to Dismiss (ECF No. 10), SS admitted that this claim was pre-empted by federal law and was not properly before the Court. ECF No. 12 at 3. Moreover, pursuant to Federal Rule of Civil Procedure 36(b), SS admits that Count VI was "objectively unreasonable and frivolous." ECF No. 45 at 31. Accordingly, this factor weighs heavily in favor of an award of attorney's fees.

SS seems to have tried to abandon this lawsuit. But rather than formally stipulate a dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) or withdraw its groundless claims, it simply stopped filing altogether, ignoring deadlines and Court orders. It had the opportunity to withdraw its frivolous common law copyright infringement claim, but it declined to do so. SS also admits that it "acted in bad faith in bringing and maintaining" Count VI. ECF No. 41 at 31. Therefore, this factor supports an award of attorney's fees.

"When evaluating the compensation and deterrence factor 'in the context of a successful defendant, courts must be careful not to 'discourage starving artists from defending copyrights in original works due to the threat of attorney's fees.'" *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 529 F. Supp. 3d 605, 618 (N.D. Tex. 2021) (citing *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *9-11 (C.D. Cal. Mar. 24, 2015)). The Court finds that an award for attorney's fees in this action will not discourage 'starving artists.' The Court should discourage SS's frivolous claim, as well as its disregard for deadlines and court orders, and

should order SS to compensate Defendants for having to defend against such frivolous claims. If SS wished to abandon its claims it should have done so properly, instead of wasting Defendants' and the Court's time and resources. Therefore, all of the factors support an award of attorney's fees on Count VI, and the Court should award them.

        2.        <u>Defendants are entitled to $12,495.00 under the lodestar method.</u>

Defendants have submitted invoices from their legal counsel designating "time entries that are related to the defense of the copyright claims or work on the case that was inseparable from the copyright claims." ECF No. 44 at 15. Lead attorney for the Defendants, Mike Regitz, attested to the reasonableness and necessity of the work performed in this case and the reasonableness of the rates of the attorneys involved. ECF No. 45 at 2-5. These total 33.75 hours. ECF No. 45 at 33-38. The Court finds that the number of hours billed is reasonable. The Court also finds that the first, second, third, eighth, and tenth highlighted entries of the June 2023 invoice and the third fourth and fifth highlighted entries of the July 2023 invoice relate only to Count V, in which Defendants are not a prevailing party. *See* ECF No. 45 at 33-38. These add up to 8.25 hours, which, when subtracted from 33.75, brings the total billable hours down to 25.5.

The rate that Defendants' counsel charged for their representation in this case is $500.00 per hour. ECF No. 45 at 33-38. They have applied a 2% early payment discount to all requested attorney's fees, which reduces the rate to $490 per hour. ECF No. 44 at 16 n.2. "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Kellstrom*, 50 F.3d at 328. SS did not contest the amount, which is "well within the reasonable rates in this community for the subject matter." *Friedheim v. Hoeber*, No. 4:20-CV-0335-O, 2022

WL 3699432, at *2 (N.D. Tex. May 9, 2022) (citing *Verch v. White Rock Sec. Grp., LLC*, No. 3:19-cv-01457, 2020 WL 4550419, at *5 (N.D. Tex. June 30, 2020), *rec. adopted*, 2020 WL 4530716 (Aug. 6, 2020)); *see also* ECF No. 45 at 53-61. Additionally, SS admits that the attorney's fees Defendants seek "are reasonable and should be awarded." ECF No. 45 at 31. Therefore, the Court finds that the rate is reasonable. The lodestar amount at $500.00 per hour, discounted to $490.00 per hour, multiplied by 25.5 hours, equals $12,495.00.

Defendants do not seek an upward or downward adjustment. ECF No. 44 at 15 n.1. Courts need not "recite or even mention the *Johnson* factors, so long as the record clearly indicates that the district court has utilized the *Johnson* framework as the basis for its analysis.'" *Moench*, 838 F.3d at 596 (citation and internal quotation marks omitted). Having considered the *Johnson* factors, the Court concludes that $12,495.00 in fees is reasonable and need not be adjusted. Additionally, "the failure to respond to arguments [generally] constitutes abandonment or waiver of the issue." *Safe Home Sec., Inc. v. Phila. Indem. Ins. Co.*, 581 F. Supp. 3d 794, 798 (N.D. Tex. 2021) (collecting cases). SS did not respond to the Motion, so it waives any objection. Therefore, Judge O'Connor should **GRANT** Defendants' Motion as to SS's claim for Common Law Copyright Infringement.

## V.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT in part and DENY in part** the Motion (ECF No. 44) and **AWARD** Defendants attorney's fees **in the amount of $12,495.00**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on June 24, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE